IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. HOUSTON, : | |
| : | |
| Plaintiff, : | CIVIL NO. 1:12-CV-0371 |
| : | |
| v. : | Hon. John E. Jones III |
| : | |
| RICHARD SOUTHERS, *et al.*, : | |
| : | |
| Defendants. : | |

## **MEMORANDUM**

June 20, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Edward J. Houston ("Plaintiff" or "Houston"), a former state inmate, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) At the time of filing, Houston was confined at the State Correctional Institution Houtzdale ("SCI Houtzdale") in Houtzdale, Pennsylvania. He alleges that he was subjected to a strip search in violation of his civil rights upon his intake in 2011 at the State Correctional Institution Camp Hill ("SCI Camp Hill"). Named as Defendants are Richard Southers, the Superintendent of SCI Camp Hill, and John Murray, the Deputy Secretary for the Pennsylvania Department of Corrections ("DOC"), Camp Hill Central Office. For the reasons set forth below, this action will be dismissed pursuant to Federal Rule of Civil Procedure

41(b) for failure to follow a court order.

## I.  PROCEDURAL BACKGROUND

Service of the Complaint was directed by Order dated March 6, 2012.  (Doc. 7.) On May 14, 2012, a Motion to Dismiss the Complaint was filed on behalf of Defendants Murray and Southers.  (Doc. 11.)  A supporting brief was filed on May 17, 2012.  (Doc. 12.)  Therefore, Houston's opposition brief would have been due on or before May 31, 2012.  *See* Middle District of Pennsylvania Local Rule ("LR") 7.6. Houston neither filed an opposition brief nor requested an extension of time in which to do so, and therefore, by Order dated June 7, 2012, we directed Houston to file his opposition to the Motion on or before June 21, 2012, and warned that his failure to file his opposition within the required time would result in the Motion being deemed unopposed and addressed on the merits.  (Doc. 13.)  Although the deadline for filing opposition to the Motion has not yet passed, on June 18, 2012, our June 7 Order was returned in the mail as undeliverable with a notation "Return to Sender- Inmate Paroled."  (Doc. 14.)

The Court's Standing Practice Order, which was mailed to Houston on February 28, 2012, specifically states that "[a] *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or

2

her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit."  (Doc. 5 at 4.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Hewlitt v. Davis*, 844 F.2d 109, 114 (3d Cir. 1998) (same).  In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six (6) factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Ware v. Rodale Press,*

3

*Inc.,* 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994) (applying *Poulis* factors to dismissal under Rule 41(b)).  The court must consider all six factors.  *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003).

### A.   Analysis of the *Poulis* Factors

#### 1.   The extent of the party's personal responsibility

Pursuant to the Court's Standing Practice Order, a *pro se* plaintiff has the obligation to inform the court of address changes.  (Doc. 5.)  The Court's June 7, 2012 Order, which provided Houston with an opportunity to file his overdue opposition to the Motion to Dismiss filed on behalf of Defendants before the Court deems the Motion unopposed, was returned as undeliverable.  A review of Vinelink[1], a website which provides the custody status of inmates in the custody of Pennsylvania correctional facilities, confirms that Houston has been released from DOC custody on parole.  Houston has failed to notify the Court of his new address, and it therefore only can be concluded that he is personally responsible for failing to comply with the Standing Practice Order.

---

[1] https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=39000

### 2.     The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams*, *supra*, 29 F.3d at 873-74 (internal quotations and citations omitted).  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874.  A consideration of this factor in the instant case weighs in favor of dismissal where Defendants already have been burdened with responding to the Complaint, and Houston's failure to comply with his obligation to keep the Court informed of his current address already has delayed the disposition of the Motion to Dismiss filed on behalf of Defendants.

### 3.     A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Ware*, *supra*, 322 F.3d at 222 (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant; *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that a history of dilatory

conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines). In the instant case, where Houston failed to comply with the provision of the Standing Practice Order requiring him to notify the Court of his change of address, it cannot be said that this act alone constitutes dilatory conduct.

### 4. Conduct that is willful or in bad faith

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson*, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). Houston's failure to notify the Court of his address change is not conduct which necessarily would be characterized as willful or in bad faith.

### 5. Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. However, where a plaintiff is proceeding *pro se*, and also is proceeding *in forma pauperis*, as in this case, it has

been found that no alternative sanctions exist because monetary sanctions, including the imposition of attorney's fees, "would not be an effective alternative." *Emerson*, 296 F.3d at 191.  As such, in a case such as the one at hand, where the Court is completely unable to communicate with the party who initiated the action as a result of his failure to provide notification of his new address upon his release on parole, the only appropriate sanction is dismissal.

### 6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).  In the instant case, a Motion to Dismiss has been filed on behalf of Defendants arguing that Houston's Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed under the provisions of Federal Rule of Civil Procedure 12(b)(6).  (Doc. 11.)  In their supporting brief, Defendants argue, *inter alia*, that Houston's claims should be dismissed as a result of his failure to allege the requisite personal involvement in the alleged wrongs by

Defendants. (*See* Doc. 12 at 4-5.) For the reasons that follow, we agree that Houston's failure to allege personal involvement on the part of Defendants is fatal to his claims.

To state a viable § 1983 claim, a plaintiff must plead two (2) essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). In *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009), the Supreme Court observed that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." The Court further emphasized that "[i]n a § 1983 suit or a *Bivens* action- where masters do not answer for the torts of their servants- the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676.

As such, to establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. *Rode v.*

*Delarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement may be established through: 1) personal direction or actual participation by the defendant in the misconduct; or 2) knowledge of and acquiescence in the misconduct. *Id.* Allegations of participation or actual knowledge must be made with appropriate particularity. *Id.* at 1207-08. Moreover, liability cannot be predicated solely on the operation of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode*, 845 F.2d at 1207.

In the instant case, as observed by Defendants, Houston fails to allege facts that, if proven, would show that Defendants Southers and Murray were personally involved in the alleged deprivation of his constitutional rights. Specifically, Houston alleges that he was subjected to a strip search upon his intake at SCI Camp Hill, but he neither alleges any direct involvement by Superintendent Southers and Deputy Secretary Murray in the search nor alleges that they even had personal knowledge of the search and acquiesced in it. Moreover, to the extent Houston seeks to hold Southers and Murray liable for any role they played in reviewing and responding to grievances he filed concerning the search, such involvement does not amount to personal involvement. *See Rode*, 845 F.2d at 1207-08; *see also Mack v. Curran*, 457 Fed. Appx. 141, 144 (3d Cir. 2012) (nonprecedential) (affirming district court's order

granting summary judgment in favor of defendants where alleged failure of prison superintendent and DOC secretary to take action based upon their review of inmate's grievance did not amount to personal involvement).

*Pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint even when they do not seek leave to do so, "unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).  In the instant case, where the Court is unable to communicate with Houston as a result of his failure to provide an updated address upon his release from DOC custody on parole, granting leave for him to amend his claims to attempt to state the requisite personal involvement by Defendants would be futile.

### B.   Balancing the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  Based on the foregoing

analysis, it is apparent that many of the crucial factors weigh in favor of dismissal of this action as a result of Houston's failure to comply with the Standing Practice Order and keep the Court apprised of his address.

## III.   CONCLUSION

For the foregoing reasons, the Complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), all pending Motions will be dismissed as moot, and the Clerk of Court will be directed to close this case.

An appropriate Order will issue on today's date.